UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR MORENO, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| NATIONAL OILWELL VARCO, L.P. and NOV GP HOLDING, L.P., | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Hector Moreno (referred to as "Plaintiff" or "Moreno") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants National Oilwell Varco, L.P. and NOV GP Holding, L.P. (collectively referred to as "Defendants" or "NOV"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Moreno's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. NOV violated the FLSA by employing Moreno and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. NOV violated the FLSA by failing to maintain accurate time and pay records for Moreno and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Moreno brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Moreno's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Hector Moreno is an individual who resides in Harris County, Texas and who was employed by NOV during the last three years.

9. National Oilwell Varco, L.P. is a Delaware limited partnership that may be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of National Oilwell Varco, L.P. cannot with reasonable diligence be found at the company's registered office, National Oilwell Varco, L.P. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. NOV GP Holding, L.P. is a Delaware limited partnership that may be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of NOV GP Holding, L.P. cannot with reasonable diligence be found at the company's registered office, NOV GP Holding, L.P.may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026

11. Whenever it is alleged that NOV committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of NOV or was done in the routine and normal course and scope of

employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. NOV is an international onshore and offshore drilling, well-servicing and workover contracting company; it does business in the territorial jurisdiction of this Court.

13. NOV employed Moreno as a rig welder from August 2006 to January 2016 the present.

14. During Moreno's employment with NOV, he was engaged in commerce or the production of goods for commerce.

15. During Moreno's employment with NOV, the company had employees engaged in commerce or in the production of goods for commerce.

16. During Moreno's employment with NOV, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

17. During Moreno's employment with NOV, the company had an annual gross volume of sales made or business done of at least $500,000.

18. NOV paid Moreno on an hourly basis.

19. During Moreno's employment with NOV, he regularly worked in excess of forty hours per week.

20. NOV knew or reasonably should have known that Moreno worked in excess of forty hours per week.

21. NOV did not pay Moreno overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Instead, NOV paid Moreno at his normal hourly rate for all of the hours he worked.

23. In other words, NOV paid Moreno for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

24. NOV knew or reasonably should have known that Moreno was not exempt from the overtime provisions of the FLSA.

25. NOV failed to maintain accurate time and pay records for Moreno as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. NOV knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27. NOV is liable to Moreno for his uhernpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28. All rig welders employed by NOV are similarly situated to Moreno because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from NOV pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

29. Moreno adopts by reference all of the facts set forth above. *See* Fed. R. Civ. P. 10(c).

30. During Moreno's employment with NOV, he was a nonexempt employee.

31. As a nonexempt employee, NOV was legally obligated to pay Moreno "at a rate not less than one and one-half times the regular rate at which[s]he he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

32. NOV did not pay Moreno overtime "at a rate not less than one and one-half times the regular rate at which [s]he [was] employed." 29 U.S.C. § 207(a)(1).

33. Instead, NOV paid Moreno at his normal hourly rate for all of the hours he worked.

34. In other words, NOV paid Moreno forher his overtime at a rate less than one and one-half times the regular rate at whichshe he was employed in violation of the FLSA.

35. If NOV classified Moreno as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36. NOV knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, NOV willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

37. Moreno adopts by reference all of the facts set forth above. *See* Fed. R. Civ. P. 10(c).

38. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

39. In addition to the pay violations of the FLSA described above, NOV also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

40. Moreno adopts by reference all of the facts set forth above. *See* Fed. R. Civ. P. 10(c).

41. On information and belief, other employees have been victimized by NOV's violations of the FLSA identified above.

42. These employees are similarly situated to Moreno because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43. NOV's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44. Since, on information and belief, Moreno's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

45. All employees of NOV, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All rig welders employed by NOV during the last three years.

46. NOV is liable to Moreno and the other rig welders for the difference between what it actually paid them and what it was legally obligated to pay them.

47. Because NOV knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Moreno and the other rig welders their unpaid overtime wages for at least the last three years.

48. NOV is liable to Moreno and the other rig welders in an amount equal to their unpaid overtime wages as liquidated damages.

49. NOV is liable to Moreno and the other rig welders for their reasonable attorneys' fees and costs.

50. Moreno has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of and all other putative class members.

## VIII. Jury Demand

51. Moreno demands a trial by jury.

## IX. Prayer

52. Moreno prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Moreno and the other rig welders all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Moreno and the other rig welders may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
HECTOR MORENO**