United States District Court
Southern District of Texas
**ENTERED**
November 29, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



| | | |
|---|---|---|
| HECTOR MORENO, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff* | § | |
| v. | § | |
| NATIONAL OILWELL VARCO, L.P. and NOV GP HOLDING, L.P., | § § § | |
| *Defendants* | § | |
| _____ | § § | Civil Action No. 4:17-CV-782 (Consolidated with No. 4:17-CV-2325) |
| JORGE VILLANUEVA, | § | |
| *Plaintiff* | § § | |
| v. | § | |
| NATIONAL OILWELL VARCO, L.P., | § § § | |
| *Defendant* | § | |

## <u>ORDER ON CONDITIONAL CERTIFICATION</u>

Pending before the Court is Plaintiff's Motion for Conditional Certification.

ECF No. 24.[1] After considering the Motion, the responses, and all applicable law,

the Court determines that Moreno's motion should be granted in part and denied in

part.[2]

---

[1] On September 12, 2017, United States District Judge Nancy Atlas referred this case to this Court to conduct all future proceedings pursuant to 28 U.S.C. § 636. Order, ECF No. 30.

[2] A motion for conditional certification under the FLSA is a non-dispositive matter appropriate for a United States Magistrate Judge to decide under 28 U.S.C. § 636(b)(1)(A). *Bijoux v. Amerigroup N.Y., LLC*, No. 14-CV-3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015); *Bearden v. AAA Auto Club S, Inc.*, No. 2:11-CV-3104, 2013 WL 1181474, at *1 (W.D. Tenn. Mar. 18, 2013).

# I.   BACKGROUND

On March 13, 2017, Plaintiff Hector Moreno ("Moreno") filed this action against National Oilwell Varco, L.P. ("NOV")[3] on behalf of himself and others similarly situated to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 216(b). Am. Compl., ECF No. 16. Defendant NOV is an onshore and offshore drilling, well-servicing, and workover contracting company. *Id.* ¶ 12. Moreno worked as a rig welder at NOV's Galena Park location from August 2006 to January 2016. *Id.* ¶ 13. In that capacity, Moreno alleges he was classified as an independent contractor and not paid additional compensation when he worked more than 40 hours a week. *Id.* On March 13, June 6, and August 8, 2017, six additional plaintiffs filed notices of consent to join this case. Consents, ECF Nos. 5, 12-14, 22-23. On September 19, 2017, the Court consolidated this case with another collective action Jorge Villanueva filed against NOV. Order, ECF No. 34.

Plaintiffs seek conditional certification of a class consisting of current and former NOV welders, rig welders, and mechanics who worked at any NOV location during the last three years and were classified as independent contractors. Mot. 2, ECF No. 24. NOV opposes conditional certification and argues that

---

[3] NOV GP Holding, L.P. claims it has not been served with process and did not join in the response or sur-reply. Resp., at 2 n.1, ECF No. 45; ECF No. 52. Moreno does not deny that it has failed to serve NOV GP Holding, L.P. *See* Reply, ECF No. 48. Consequently, this Order affects only NOV.

Plaintiffs have failed to meet their burden of establishing that an employee-employer relationship exists and that a class of similarly-situated individuals exists. Resp., ECF No. 45. NOV also argues that if the class certification is warranted, it should be limited in location and job title.

## II.   LEGAL STANDARD

The FLSA provides that

> no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA creates a cause of action for an employee to sue his employer for violating the overtime compensation requirements. It also permits a court to order a case to proceed as a collective action on behalf of "other employees similarly situated." *Id.* § 216(b). Section 216(b) provides for an opt-in procedure for other similarly situated employees to join the action. *Vaughn v. Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017) (Atlas, J.); *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015) (Hanks, J.). Courts favor FLSA collective actions because they reduce costs for the individual plaintiffs and create judicial efficiency. *Austin*, 161 F. Supp. 3d at 461.

In deciding whether to certify an FLSA lawsuit, the Fifth Circuit has affirmed use of the lenient two-stage approach. *Kibodeaux v. Wood Grp. Prod.*, No. 4:16-CV-3277, 2017 WL 1956738, at *1 (S.D. Tex. May 11, 2017) (Ellison,

J.) (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1212-16 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003)); *accord Vaughn*, 250 F. Supp. 3d at 239. Both stages occur before the court assesses the merits of the case. *Vaughn*, 250 F. Supp. 3d at 239. At neither stage does the court decide factual disputes or make credibility determinations. *Id.*

At the first stage, the court decides whether to conditionally certify a class for individuals to opt-in and be bound by the outcome of the case. *Id.* If so, the court issues notice to potential class members. *Kibodeaux*, 2017 WL 1956738, at *1. The court makes this decision based on the pleadings and any submitted affidavits. *Id.*; *Austin*, 161 F. Supp. 3d at 463. Because the court has minimal evidence at the notice stage, the court uses a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Kibodeaux*, 2017 WL 1956738, at *1 (citations omitted).

At the second stage, after some or all discovery has been completed, a defendant may choose to file a motion for decertification. *Id.* at *2; *Vaughn*, 250 F. Supp. 3d at 239. At that time, the court considers any additional evidence the parties submitted to determine whether to decertify the class because its' members are not similarly situated. *Kibodeaux*, 2017 WL 1956738, at *2; *Vaughn*, 250 F. Supp. 3d at 239.

### III.   ANALYSIS

**A.   Motion for Conditional Certification**

To prevail at this stage, the plaintiff must make a minimal showing of three

elements:

> (1) there is a reasonable basis for crediting the assertion that aggrieved
> individuals exist; (2) those aggrieved individuals are similarly situated
> to the plaintiff in relevant respects given the claims and defenses
> asserted; and (3) those individuals want to opt-in to the lawsuit.

*Kibodeaux*, 2017 WL 1956738, at *2; *Vaughn*, 250 F. Supp. 3d at 240; *Austin*, 161

F. Supp. 3d at 462. The court should deny the motion for conditional certification

"if the action arises from circumstances purely personal to the plaintiff, and not

from any generally applicable rule, policy, or practice." *Walker v. Honghua Am.,*

*LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (Ellison, J.).

### 1.   Plaintiff sufficiently established that other aggrieved individuals exist that were subject to an allegedly unlawful policy

Moreno "need only show that it is reasonable to believe that there are other

aggrieved employees who were subject to an allegedly unlawful policy or plan."

*Austin*, 161 F. Supp. 3d at 464 (citing *Villarreal v. St. Luke's Episcopal Hosp.*, 751

F. Supp. 2d 902, 916-17 (S.D. Tex. 2010) (Johnson, J.)). To do so, Moreno must,

at a minimum, identify other employees who were subject to the same policy or

plan. *Id.*

Moreno submits four declarations, including his own, in support of his

assertion that there were other non-exempt, aggrieved employees who worked at

NOV as welders or rig welders, were misclassified as independent contractors, and were not paid overtime wages. Mot., Exs. A-D, ECF No. 24.

The Court finds that Moreno has provided sufficient evidence to credit his assertion that other individuals exist. *See Vaughn*, 250 F. Supp. 3d at 240 (finding sufficient plaintiff's affidavit along with affidavit of another who stated he was misclassified as an independent contractor, was not paid overtime wages, and estimated fifteen other similar employees exist, naming three); *Davis v. Mostyn Law Firm, PC*, No. 4:11-CV-02874, 2012 WL 163941, at *6 (S.D. Tex. Jan. 19, 2012) (Ellison, J.) ("Plaintiffs assert that they worked with, knew of, and conversed with other salaried paralegals who worked more than forty hours per week and were also denied overtime pay," including one named employee).

### 2.      Plaintiff sufficiently established the other aggrieved rig welders are similarly situated to Moreno

Moreno seeks conditional certification of the following class:

> All current and former "welders" and "rig welders" and "mechanics" who worked for NOV, its parents, subsidiaries or affiliates at any location (including, without limitation, Galena Park, I-610 and Scott, Navigation, West Little York, Port of Houston, and Baytown) during the last three years and who were classified as independent contractors.

Mot., at 2, ECF No. 24.

For the class representative to be considered similarly situated to the potential opt-in class members, the representative plaintiff must "present some factual support for the existence of a class-wide policy or practice." *Vaughn*, 250

F. Supp. 3d at 239. He must show he is similarly situated in terms of job requirements and payment provisions. *Id.* at 242. Thus, he need only show that they "performed the same basic task and were subject to the same pay practices." *Kibodeaux*, 2017 WL 1956738, at *3 (internal citations omitted). The FLSA requires that the positions be *similar*, not necessarily identical. *Vaughn*, 250 F. Supp. 3d at 241; *Kibodeaux*, 2017 WL 1956738, at *2 ("the court need not find uniformity in each and every aspect of employment").

This inquiry does not focus on job titles. Individuals are similarly situated for FLSA opt-in purposes if the job titles are "superficially different" and have slightly different job duties. *Davis*, 2012 WL 163941, at *6. Even with the same job title, two individuals are not "similarly situated for the purposes of an opt-in FLSA class if their day-to-day job duties vary substantially." *Id.* (internal citations omitted).

   a. *The class shall include rig welders who refurbished and repaired drilling rigs, but not welders*

Moreno claims that other rig welders and welders exist who performed the basic tasks of refurbishing and repairing drilling rigs. Mot., at 11, ECF No. 24. Moreno attaches his affidavit along with affidavits of three other employees, all rig welders, declaring that they performed these same job duties and were not paid overtime wages. *Id.*, Exs. A-D.

7

NOV asserts that Moreno has failed to show that welders, as opposed to rig welders, were subjected to an unlawful policy in which NOV failed to pay them overtime wages. Resp. 16-19, ECF No. 45. Although, the plaintiff need only show that the employees performed the same basic tasks, Moreno has failed to supply evidence of a welder's basic duties, preventing the Court from comparing the two jobs' basic tasks.

Moreno submitted Juan Carlos Perez's affidavit in support of the motion to certify. Perez worked as both a rig welder and welder, and stated that he was misclassified as an independent contractor. Mot., Ex. C, ECF No. 24-3. Perez details that his duties as a rig welder included repairing and refurbishing drilling rigs. *Id.* ¶ 7. However, Perez fails to provide the duties or tasks of a welder. The *Villanueva* complaint that was consolidated with the *Moreno* case alleges that Villanueva worked as a welder, but again, fails to detail the job duties. Reply 3, ECF No. 48 (citing Mot. Consolidate, Ex. 1, ECF No. 33-1). Additionally, Michael Josephson, who is the attorney for the *Villanueva* Plaintiffs, filed a declaration that does not shed light on the duties of welder. Reply, Ex. A., ECF No. 48 ("Josephson Declaration"). Based on his familiarity with his clients who have joined in this lawsuit, he states that they "worked for NOV . . . . performing the traditional job duties of rig welders/welders and pipe fitters." *Id.* ¶ 7. This conclusory statement made without personal knowledge is insufficient. *McCloud v. McClinton Energy*

*Grp., LLC*, No. 7:14-CV-120, 2015 WL 737024, at \*4 (W.D. Tex. Feb. 20, 2015) (evidence must be based on personal knowledge). Because Moreno has failed to put forth evidence of the basic tasks of welders, the Court cannot determine that rig welders are sufficiently similar to the welders to include both jobs in the class. *See Kibodeaux*, 2017 WL 1956738, at \*3; *Davis*, 2012 WL 163941, at \*7 ("Plaintiffs are similarly situated to the proposed class if the class is narrowed to include only salaried paralegals").[4]

Thus, the Court finds that Moreno's evidence provides a reasonable basis to believe that there are other NOV rig welders who performed the duties of repairing drilling rigs who were misclassified as independent contractors and were not paid overtime wages. *See Vaughn*, 250 F. Supp. 3d at 240; *Davis*, 2012 WL 163941, at \*6. Accordingly, the class shall be narrowed to include only NOV rig welders who repaired and refurbished drilling rigs. *See Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 516 (W.D. Tex. 2015) (defining collective action by job duties).

The Court is cognizant of the procedural posture of this case having been consolidated after the Moreno Plaintiffs had already filed their motion for conditional certification without the benefit of the Villanueva Plaintiff's evidence

---

[4] The Court notes that NOV did not object to consolidating the *Villanueva* action with the *Moreno* action under Rule 42 (a common question of fact or law) when Villanueva alleged that he worked as a "welder," and did not distinguish between a welder and a rig welder. *See* Mot. to Consolidate, ECF No. 33.

to support the claims as to welders. Insofar as the motion seeks to include welders in the class definition, it is denied without prejudice.

> b.    *Whether the putative class members are employees or independent-contractors is a merits-based defense and must be decided at a later stage*

NOV asserts that as a threshold matter, Moreno must prove that he and other putative class members were in fact NOV employees, and not independent contractors. Resp. 6-12, ECF No. 45.

To determine if a worker is an independent contractor or an employee, the court uses the economic realities test to ask whether a worker "economically depends upon the business to which he renders his services, such that the individual, as a matter of economic reality, is not in business for himself." *Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 845 (5th Cir. 2010). Courts use five non-exclusive factors as a guide to help make this determination, where no single factor is determinative:

> (a) the permanency of the relationship; (b) the degree of control exercised by the alleged employer; (c) the skill and initiative required to perform the job; (d) the extent of the relative investments of the worker and the alleged employer; and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer.

*Id.*

The court does not look to the merits of the allegations at the conditional certification stage. *Vaughn*, 250 F. Supp. 3d at 239. There is a split in authority as

to whether to apply the economic realities factors at the notice stage of conditional certification. *Id.* at 242 (recognizing split); *Rodriguez v. Flowers Foods, Inc.*, No. 4:16-CV-245, 2016 WL 7210943, at *3 (S.D. Tex. Dec. 13, 2016) (Ellison, J.) (finding that the economic realities test is not appropriate at the notice stage of FLSA class certification); *Christianson v. NewPark Drilling Fluids, LLC*, No. H-14-3235, 2015 WL 1268259, at *3 (S.D. Tex. Mar. 19, 2015) (Atlas, J.) (analyzing economic realities factors at notice stage to determine whether they could be applied at a later stage).

The Court finds that "this is a merits-based defense to FLSA claims that must be addressed at a later stage of the case." *See Vaughn*, 250 F. Supp. at 242. Further, the Court agrees with the cases that find it would place too high of a burden on the plaintiff who has not yet conducted discovery if he were required to prove he was an employee at this stage. *Davis*, 2012 WL 163941, at *5.

Nonetheless, Moreno has submitted minimal evidence that the putative class members are similarly situated as to a number of the factors in the economic realities test. *See Vaughn*, 250 F. Supp. 3d at 243 (granting conditional certification, because evidence pertinent to the economic realities factors did not vary substantially among the putative class members); *Walker*, 870 F. Supp. 2d at 471 (finding sufficient when the plaintiff put forth minimal evidence that the putative class members are "similarly situated to other members of each position"

11

in regards to the five factors). The four declarants state that NOV exercised complete control over them as NOV controlled the number of hours they worked, the locations at which they worked, and how a job was conducted; NOV also maintained their employment records. Mot., Exs. A-D ECF No. 24 (Aff. Huber Moreno, Aff. Hector Moreno, Aff. Juan Carlos Perez, Aff. Jose Hernandez). They all worked on NOV's property at the Galena Park location, had identical job duties, had the same ending rate of pay, were required to work seven days a week for ten to twelve hours a day, and submitted their weekly invoices to the same NOV foreman. *Id.* Moreover, they had no opportunity for profit or loss, because NOV told them when to work, when to leave, and set their rates of pay. *Id.* This is sufficient to conditionally certify a class and send out a notice. *See Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 864-65 (S.D. Tex. 2012) (Rosenthal, J.) (granting conditional certification when the plaintiffs presented some initial evidence of the five economic realities factors).

### c.    *The class shall not include mechanics*

The purported class definition includes mechanics. Mot. 2, ECF No. 24. Moreno claims that Juan Carlos Perez provides evidence that mechanics were also treated in a similar manner to welders and rig welders. Mot., Ex. C, ECF No. 24. Nowhere in Perez's declaration does he claim to be a mechanic or perform mechanic-like duties, as opposed to welding duties.

12

Perez's Time Report that Moreno cites as evidence that he performed a mechanic position reads:

> US-RS/0464/0638/00113351/1005-NORTH/1005-RIGWLD/111399
> . . .
> US-RL/0464/0638/00113200/-/1005-**MECH**/118360

Mot., Ex. F, at 1, ECF No. 24 (emphasis added). NOV responds that the "MECH" notation describes the Assembly Department as the location where Perez worked, not Perez's duties. Resp. 15, Ex. B. ¶ 5, ECF No. 45 (Aff. Orozco, Human Resources Manager for NOV).

The Court finds that Moreno has not provided sufficient factual support to show that mechanics perform the same job duties as welders. As such, mechanics will not be included in the conditional class certification. *See Austin*, 161 F. Supp. 3d at 465 (declining to certify class when the plaintiff failed to "describe common or similar job responsibilities of the putative class members").

> d.    *The location of the class shall be limited to the Galena Park location*

The purported class definition includes any NOV location, effectively making it a company-wide class. Moreno bears the burden to show that the same policy applies to multiple NOV locations. *See Rueda v. Tecon Servs., Inc.*, No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011) (Rosenthal, J.). To support certification, a plaintiff must offer evidence based on personal knowledge. *McCloud*, 2015 WL 737024, at *4. "'Personal knowledge can include inferences

and opinions, so long as they are grounded in personal observation and experience.'" *Id.* (quoting *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999)). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Novick v. Shipcom Wireless, Inc.*, No. 4:16-CV-730, 2017 WL 1344961, at *5 (S.D. Tex. Apr. 12, 2017) (Milloy, J.). "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Rueda*, 2011 WL 2566072, at *4-6.

The Court finds that Moreno has provided a reasonable basis for concluding that NOV's policy of misclassifying rig welders as independent contractors exists at the Galena Park facility, but not at any other location.

i.    Galena Park

Moreno attaches declaration of four workers who worked at Galena Park. Mot., Exs. A-D, ECF No. 24. Because they worked at this location on a daily basis, interacted with other employees, and had the requisite personal knowledge for asserting that a policy exists, this evidence is sufficient to include the Galena Park location in the class. *See Walker*, 870 F. Supp. 2d at 470.

ii.    Other locations

With respect to other NOV locations, all four declarants state that

"I know other rig workers worked on NOV locations other than Galena Park . . . . Based on my observations, the other rig welders that worked for NOV at all NOV locations were paid the same pay that I was paid (i.e., they were denied overtime pay at one and one-half times their regular rates for hours worked over forty in a workweek).

14

*Id.* Each declarant also identifies individual locations where he knows other rig workers, including 290 and West Little York Road (Huber Moreno, Hector Moreno, Juan Carlos Perez, Jose Hernandez); 610 and Scott Street (Juan Carlos Perez and Jose Hernandez); Navigation area (Juan Carlos Perez); Port of Houston (Jose Hernandez); and Baytown (Jose Hernandez). None of the declarants identify a single similarly situated rig welder or welder from the other locations.

The statements that each declarant knows others who worked at NOV locations other than Galena Park are "conclusory allegations that individuals elsewhere are similarly situated." *See Rueda*, 2011 WL 2566072, at *4-6. Moreover, glaringly absent from these statements is evidence that these four declarants—aside from Perez on two occasions—actually worked at any of these locations, leaving the Court to question the source of the declarants' personal knowledge.

Juan Carlos Perez declares that, on two occasions within the past two years, he was sent to work at the NOV facility at Scott Street and the 610 Loop. Mot., Ex. C, ECF No. 24-3. Without more, these two occasions do not provide the Court with sufficient context to ascertain whether Perez has the requisite personal knowledge that rig welders or welders at this location were subject to the same policy. Moreno fails to submit evidence that Perez spoke to anyone at this location

or how he would know that individuals working at the Scott Street location were not paid overtime wages.

Moreno also attaches the Josephson Declaration to his Reply. Reply, Ex. A., ECF No. 48. Mr. Josephson represents twenty-six claimants who have consented to join the *Villanueva* lawsuit. *Id.* ¶ 6. Mr. Josephson claims to have personal knowledge "[b]ased on my familiarity with [these] Clients and their experiences while working for NOV . . . ." *Id.* ¶ 7. He states that these individuals welders … were misclassified as independent contractors, were not paid overtime wages, and worked at NOV facilities located in Galena Park, Bammell, West Little York, and offshore in the Gulf of Mexico near Louisiana. *Id.* Mr. Josephson does not have personal knowledge of the critical facts. His only source of information is hearsay from his clients. The Court finds that the Josephson Declaration does not provide the Court with a reasonable basis for concluding that NOV applies the same allegedly unlawful policy at its other locations.

In an effort to expand the class beyond the Galena Park location, Moreno also cites the *Villanueva* Complaint. Reply 3, ECF No. 48 (citing Mot. Consolidate, Ex. 1, ECF No. 33-1). However, the Complaint suffers from the same infirmity as the Josephson affidavit. As the author of the Complaint, Mr. Josephson does not have personal knowledge of the facts alleged and must rely on what his

clients and others have told him. The Complaint is also vague in that it fails to allege at which location Villanueva worked.

Accordingly, the class is limited to the employees who have worked at Galena Park location. *See McCloud*, 2015 WL 737024, at *8 ("Plaintiff has failed to produce any evidence that a comprehensive, company-wide compensation exists beyond these two facilities."); *Rueda*, 2011 WL 2566072, at *5 (declining to expand the class because the "plaintiffs have not presented sufficient evidence of a policy of denying overtime pay outside the [one location] to meet even the low burden required for conditional certification"); *Reid v. Timeless Restaurants, Inc.*, No. 3:09-CV-2481, 2010 WL 4627873, at *3 (N.D. Tex. Nov. 5, 2010) (limiting collective action class to "table servers and waitstaff who worked at the Grapevine Denny's because the only evidence relates to that restaurant").

### 3. Plaintiff has sufficiently established that additional aggrieved individuals want to join this lawsuit[5]

"Reliance on the plaintiff's 'own allegations that the putative class members exist and together were the victims of a single decision, policy, or plan is insufficient to meet the burden" of showing 'that the additional aggrieved persons exist and want to join the lawsuit.'" *Davis*, 2012 WL 163941, at *10 (quoting

---

[5] Courts disagree on whether the plaintiff need to present evidence of the third element. *See Vaughn*, 250 F. Supp. 3d at 244 (requiring a plaintiff to meet this element); *Villarreal*, 751 F. Supp. 2d at 915-16 (explaining that this element is not a statutory requirement and the Fifth Circuit has not weighed in on the issue). Because Moreno has established this element, "the Court need not decide whether the third element is required in every case." *See Kibodeaux*, 2017 WL 1956738, at *3.

*Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan.24, 2007) (Atlas, J.)).

Here, Moreno has provided evidence that others seek to join this lawsuit, and not just that other individuals exist. *Davis*, 2012 WL 163941, at *10. Aside from Moreno, at the time of the motion for certification, six additional claimants had filed consents to join this action. ECF Nos. 5, 12-14, 22-23. Moreover, the *Villanueva* action was consolidated with this action where twenty-six claimants have been joined. Order, ECF No. 34. This is sufficient to establish that others seek to join the lawsuit. *Kibodeaux*, 2017 WL 1956738, at *3 (finding evidence of one potential claimant who wished to opt-in was sufficient); *Vaughn*, 250 F. Supp. 3d at 244 (same).

### 4.    The triggering date is the date notice is approved

The relevant period for an FLSA claim based on unpaid overtime wages is two years, and three years if the plaintiff can prove a willful violation. 29 U.S.C. § 255(a). Each individual claimant has its own time period depending on when he or she joins the case. *See* § 256(b). "[T]he limitations period is not tolled with respect to other potential plaintiffs unless and until they opt in to the case." *Id.* (internal citations omitted).

Moreno requests that the class include employees who worked at NOV within the last three years, but does not provide a more specific date. Mot. 2, ECF

18

No. 24. NOV requests that the Court narrow the date of the proposed class to "the three years *prior to any notice being* approved," and not when the Court approves the class. Resp. 21, ECF No. 45. The class is appropriately limited to NOV workers employed up to three years before this Court approves the notice. *See Diaz v. Applied Mach. Corp.*, No. 15-CV-1282, 2016 WL 3568087, at *10 (S.D. Tex. June 24, 2016) (Lake, J.).

### 5.    The scope of the class

Thus, the conditional class shall include:

> All current and former rig welders who repaired and refurbished drilling rigs who worked for NOV at the Galena Park location during the three years prior to the date notice is approved, and who were classified as independent contractors.

### B.    Within Seven Days of this Order, The Parties Must Confer and Provide the Court of Their Proposed Notice and Consent Form

The Parties shall confer and supply the Court with a proposed Notice and Consent form within seven days of this order. This Notice form must inform the potential opt-in plaintiffs of their right to retain their own counsel to represent them. *See Ratliff v. Pason Sys. USA Corp.*, 196 F. Supp. 3d 699, 703 (S.D. Tex. 2016) (Palermo, J.).

### C.    Discovery Issues

### 1.    Information to be provided

In addition to last-known addresses, Moreno requests the email address, social security number, and telephone number for each member of the class. NOV

objects to these disclosures as unnecessary and invasive. Resp., at 22-23, ECF No. 45. "While there is not a great deal of uniformity with respect to the types of information courts generally order defendants to produce, many have taken the view that putative class members' names and addresses are sufficient to ensure that notice is received." *Garcia v. TWC Admin., LLC*, No. 14-CV-985, 2015 WL 1737932, at *4 (W.D. Tex. Apr. 16, 2015) (collecting cases). Moreno fails to show that sending notices to the last-known-addresses would not be sufficient or why he needs this additional information. Accordingly, the Court denies Moreno's request for email addresses, social security numbers,[6] and telephone numbers. For the putative class members whose notices are returned as undeliverable, Moreno may seek an order from the Court for NOV to produce additional contact information at that time.

Moreno also requests the dates and location of "employment" for his proposed class and the "nature of employment." NOV objects to the phrase "nature of employment." Resp. 22, ECF No. 45. Moreno does not respond to NOV's objection. NOV should provide Moreno with the dates of employment for all rig welders who were classified as independent contractors.

### 2.    NOV has ten days to provide the information

Moreno also requests that NOV provide this information within ten days

---

[6] In regards to social security numbers, "privacy and security concerns outweigh the interest in ensuring that notice is received at this stage." *Garcia*, 2015 WL 1737932, at *4 n.2.

while NOV requests that it be given thirty days. The Court finds that NOV has failed to show why it could not comply with the request within ten days of this order, especially considering the narrowing of the information to be provided. NOV shall provide Moreno with the information within ten days.

### 3.    Reminder notices are unnecessary

NOV objects to Moreno's request that a reminder notice be sent thirty days after the initial notice is sent. Resp. 24, ECF No. 45. NOV argues that follow-up notices are unnecessary and could be interpreted as an encouragement to join the lawsuit. *Id.* The Court finds that follow-up notices are unnecessary at this point. *See In re Wells Fargo Wage & Hour Employment Practices Litig. (No. III)*, No. 11-CV-2266, 2013 WL 2180014, at *3 (S.D. Tex. May 17, 2013) (Miller, J.) (finding reminder notices unnecessary).

### 4.    The affidavit certifying NOV has searched its records is unnecessary

NOV also objects to Moreno's request that NOV submit an affidavit, swearing that it has searched its records for the contact information in the class. Resp. 23, ECF No. 45. The Court finds that this affidavit is unnecessary. NOV will comply with its discovery obligations pursuant to the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

The Court hereby **ORDERS** that

1. Moreno's motion for conditional certification is **GRANTED in part,** as follows: The class is conditionally certified as to all current and former NOV rig welders who repaired and refurbished drilling rigs at the Galena Park location during the three years prior to the date notice is approved, and who were classified as independent contractors.

2. Moreno's motion for conditional certification is **DENIED WITHOUT PREJUDICE** as to NOV welders and mechanics who were classified as independent contractors.

3. The Parties have seven days from the date of this opinion to provide the Court with a proposed Notice and Consent Form. NOV must provide Moreno with the putative class members' names, last known addresses, and dates of employment within ten days of this order.

Signed on November 29, 2017, at Houston, Texas.


_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**