UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR MORENO, individually and on behalf of all others similarly situated | § § § | Docket No. 4:17-cv-00782 Consolidated With |
| and | § § | Docket No. 4:17-cv-02325 |
| JORGE VILLANUEVA, individually and on behalf of all others similarly situated | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | JURY TRIAL DEMANDED |
| NATIONAL OILWELL VARCO, L.P. | § § | COLLECTIVE ACTION |
| Defendant. | § § | |

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S "AMENDED" MOTION FOR CONDITIONAL CERTIFICATION**

Defendant National Oilwell Varco, L.P. ("NOV" or "Defendant") hereby notifies the Court that NOV is <u>Opposed</u> to Plaintiff's "amended" Motion for Conditional Certification (the "Certification Motion") [Dkt. 72] and has moved for the denial of the Certification Motion as <u>Moot</u> [Dkt. 81], incorporated herein by reference, and files this Opposition subject to and without waiving the requested relief in NOV's Motion to dismiss the Certification Motion as moot [Dkt. 81]. Subject to such Motion, NOV responds in Opposition based on the following:

1. Named Plaintiff Jorge Villanueva ("Plaintiff" or "Villanueva") filed the Certification Motion [Dkt. 72]—seeking a conditionally certified class of all welders and rig welders company-wide [*Id.*, p. 11]—and although labeled as "amended," Villanueva's class counsel submitted the motion [*Id.*, p. 15], the motion states it presents evidence of "<u>Villanueva Plaintiffs'</u> job duties" [*Id.*, p. 10 (emphasis added)], and only *Villanueva* named plaintiff and *Villanueva* opt-in putative plaintiffs submitted declarations in support of the motion [*compare* Dkt. 72-1 *with* Dkt. 4, p. 11; Dkt. 72-2 *with* Dkt. 4, p. 4; Dkt. 72-3 *with* Dkt. 12, p. 3; Dkt. 72-4 *with* Dkt. 1-1; Dkt. 72-5 *with* Dkt. 11, p. 3].

2. Last week, NOV confirmed Villanueva's claims are subject to binding individual arbitration [Dkt. 81, pp. 9–10]. The arbitrability of Villanueva's claims is a gateway issue prior to the consideration of the conditional certification of the *Villanueva* opt-in putative

1

plaintiffs [*Id.*, pp. 11–12]. *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 376–78 (5th Cir. 2016). Because Villanueva's claims are subject to individual arbitration, he cannot act as the collective class representative [Dkt. 81, pp. 15–16].

3. Named Plaintiff Hector Moreno, Sr. ("Moreno")—the only other purported representative in the consolidated collective actions—cannot represent the dissimilar class that Villanueva seeks in the Certification Motion, either procedurally or factually [Dkt. 81, pp. 16–19]. The Fifth Circuit has held that consolidated actions "maintain their separate identity even if consolidated," *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993); *see also Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933) (holding consolidation "does not merge the suits in a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another"). Further, Moreno admits he cannot represent a class beyond rig welders at Galena Park—which is the class that the Court already conditionally certified—and has no knowledge of a company-wide illegal pay practice nor a welder's basic job duties [Dkt. 81, pp. 18–19].

4. Villanueva's Certification Motion must be denied as moot because he and Moreno, the only two named plaintiffs of their respective cases, cannot represent the class Villaneuva seeks [Dkt. 81, pp. 19–22]. *See Vallejo v. Garda CL Sw*, CIV.A. H-12-0555, 2013 WL 391163, at *11 (S.D. Tex. Jan. 30, 2013) (Rosenthal, J.) (denying motion to certify class as moot when named plaintiff's claims were subject to arbitration, although three opt-in putative plaintiffs were not subject to arbitration and had submitted declarations in support of class motion); *White v. Turner*, 2016 WL 1090107, at *2 (S.D. Tex. Mar. 21, 2016) (Rosenthal, J.) (denying motion for conditional certification after dismissing representative plaintiff's claims in favor of arbitration, although Court had previously granted motion for conditional certification limited to two defendant locations and other opt-in plaintiffs had joined case); *Edwards v. Doordash*, 2017 WL 244862 (S.D. Tex. Jan. 19, 2017) (slip op.) (Lake, J.) (denying conditional certification motion after compelling named plaintiffs to arbitration, although several opt-in plaintiffs remained in the suit, and ordering: (i) remaining opt-in plaintiffs to notify Court whether they intended to pursue their individual FLSA claims in that action, (ii) Defendant to then file motion to compel arbitration for any applicable opt-in plaintiffs, and (iii) no opt-in plaintiff to move for conditional certification nor any other person opt into suit pending a determination of whether opt-in plaintiffs may be compelled to arbitration and/or waived their rights to participate in a class action).

In the alternative, NOV requested that the Court stay NOV's deadline to respond to the Certification Motion, and, if the Court did not deny the Certification Motion as moot, provide NOV with fourteen (14) days from such Order to respond to the Certification Motion once the scope of the Certification Motion is known, given that Villanueva and other declarants must be compelled to arbitration [Dkt. 81, p. 23]. If the Court does not deny the Certification Motion as

moot, NOV opposes such motion and presents and intends to present further evidence of the following in support of the motion's denial:[1]

- Four of the five declarants supporting the Certification Motion are subject to binding arbitration and cannot be considered when evaluating whether similarly-situated individuals exist because arbitrability of their claims is a threshold issue. *See Hart v. JPMorgan Chase Bank, N.A.*, 2012 WL 6196035, at *2, 4 (M.D. Fla. Dec. 12, 2012 (denying conditional certification where declarations from several opt-ins were not viable because their claims were subject to mandatory arbitration).

- The declarants identify purported locations outside Houston where they worked for NOV that are not NOV facilities and/or are not subject to the FLSA.

- The declarants provide no specifics as to the dates they provided services at different locations or dates of the alleged hearsay conversations with others, so as to help identify for the Court the time period associated with their statements in their declarations to differentiate from the time period they provided independent contractor services to NOV at an NOV facility in the last three years, compared to the time period they provided services to NOV outside any arguable two- or three-year statute of limitations, provided services to NOV at a location not subject to the FLSA, provided services to a non-NOV entity and/or at a non-NOV facility, and/or worked for NOV as an employee paid the applicable overtime rate.

- Plaintiff Moreno cannot establish that he is similarly situated to the putative class members and that the putative class members are similarly situated to each other in "relevant respects given the claims and defenses asserted" or that the circumstances of the proposed company-wide rig welder and welder class are sufficiently similarly situated for the application of the economic realities test for the alleged improper practice of classifying all rig welders and certain welders as independent contractors. *See Christianson v. NewPark Drilling Fluids, LLC*, Civ. A. No. H-14-3235, 2015 WL 1268259, at *2 (S.D. Tex. Mar. 19, 2015) (Atlas, J.).
    - Moreno testified during his deposition that he has no knowledge of a company-wide illegal pay practice nor a welder's basic job duties outside of Galena Park, and that the welders at Galena Park are employees [Dkt. 81, pp. 18–19].
    - Moreno and other *Moreno* declarants testified during their depositions that as independent contractors they provided their own trucks and tools, they serviced different customer sites without supervision, and they were not told when to start or end their services for the day.
    - NOV declarants will further provide testimony that independent contractors providing welding services to certain NOV facilities in Houston: (i) performed different job duties at different NOV facilities and customer sites depending on

---

[1] This is not an exhaustive list but reflects some of the arguments that NOV presents and intends to present further in opposition to the Certification Motion (if the Court does not deny the Certification Motion as moot).

3

their job titles; (ii) were retained sporadically and worked for other businesses during the time period they provided services to NOV; (iii) were treated differently from NOV employees, including receiving a different security badge to access facilities, being paid based on when they provided invoices to NOV, not provided an NOV uniform or tools, not limited on vacation, nor supervised during their services (beyond quality control); (iv) repeatedly told NOV managers that they (including several current opt-in plaintiffs) did not want NOV to retain them as employees because they received more pay as independent contractors; and (v) were dissimilar from the various declarants and the proposed class for many other reasons. These factors will show to be unique by person, type of contract service provided, and the location out of which services were performed—preventing a uniform application of the economic realities test to ascertain whether putative plaintiffs were correctly or incorrectly classified as independent contractors.

For these reasons, NOV requests that the Court deny the Certification Motion [Dkt. 72] as moot. In the alternative, if the Court does not deny the Certification Motion as moot, NOV requests that the Court provide NOV with fourteen (14) days from such Order to respond to the Certification Motion with the arguments and evidence briefly highlighted herein, as well as similar additional evidence.

Dated: January 16, 2018

Respectfully submitted,

By: */s/ David M. Gregory*
DAVID M. GREGORY
Texas State Bar No. 24007274
Southern District of Texas No. 24397
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)
dgregory@lockelord.com
**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONAL OILWELL VARCO, L.P**

**OF COUNSEL:**

LOCKE LORD LLP

KATHERINE G. CISNEROS
State Bar No. 20494591
Southern District ID No. 2717699
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1616 (Telephone)
(713) 223-3717 (Facsimile)
katherine.cisneros@lockelord.com

KELLINE R. LINTON
Texas Bar No. 24085436
Southern District ID No. 2127346
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1164 (Telephone)
(713) 223-3717 (Facsimile)
kelline.linton@lockelord.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 16th day of January, 2018, a true and correct copy of the above and foregoing instrument was served upon all counsel of record referenced below via the Court's ECF System:

Melissa Moore
Curt Hesse
Bridget Davidson
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
melissa@mooreandassociates.net
curt@mooreandassociates.net
bridget@mooreandassociates.net

Michael A. Josephson
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, Texas 77005
mjosephson@mybackwages.com

Richard J. Burch
Matthew S. Parmet
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com
mparmet@brucknerburch.com

                                        */s/ David M. Gregory*
                                        DAVID M. GREGORY