United States District Court
Southern District of Texas
**ENTERED**
April 24, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR MORENO, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff* | § | |
| v. | § | |
| NATIONAL OILWELL VARCO, L.P. and NOV GP HOLDING, L.P., | § § | |
| *Defendants* | § | |
| | § | |
| _____ | § § | Civil Action No. 4:17-cv-782 (Consolidated with No. 4:17-cv-2325) |
| JOSE CALDERON, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff* | § | |
| v. | § | |
| NATIONAL OILWELL VARCO, L.P., | § § | |
| *Defendant* | § | |

## MEMORANDUM AND ORDER ON CONDITIONAL CERTIFICATION

Currently pending before the Court is Plaintiff Jose Calderon's motion for conditional certification in the consolidated action. Pl.'s Am. Cert. Mot., ECF No. 72 ("Motion").[1] Plaintiff also recently requested an oral hearing. Pl.'s Mot. For Hrg., ECF No. 112. Defendant opposes both motions. Def.'s Resp. to Condit. Cert. Mot., ECF No. 105, Def.'s Resp. to Mot. for Hrg., ECF No. 113. After considering

---

[1] On September 12, 2017, United States District Judge Nancy Atlas referred this case to this Court to conduct all future proceedings pursuant to 28 U.S.C. § 636. Order, ECF No. 30.

the briefing, evidence, and applicable law, the Court determines that the Motion should be granted in part and denied in part, and Plaintiff's motion for hearing is moot.[2]

## I.     BACKGROUND

On March 13, 2017, Plaintiff Hector Moreno ("Moreno") filed this action, *Moreno v. NOV*, 4:17-CV-782, against National Oilwell Varco, L.P. ("NOV") on behalf of himself and others similarly situated to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 216(b). First Am. Compl., ECF No. 16.[3] Defendant NOV is an international onshore and offshore drilling, well-servicing, and workover contracting company, operating throughout every region of the world. *Id.* ¶ 12; ECF No. 105 at 6. Moreno worked as a rig welder at NOV's Galena Park location from August 2006 to January 2016. ECF No. 16 ¶ 13. He allegedly was classified as an independent contractor and received no additional compensation when he worked more than 40 hours a week. *Id.* On September 19, 2017, Judge Atlas consolidated the *Moreno* case with another collective action Jorge Villanueva ("Villanueva") filed against NOV, *Villanueva v. NOV*, 4:17-CV-2325. Order, ECF No. 34.

---

[2] A motion for conditional certification under the FLSA is a non-dispositive matter appropriate for a United States Magistrate Judge to decide under 28 U.S.C. § 636(b)(1)(A). *Bijoux v. Amerigroup N.Y., LLC,* No. 14-CV-3891, 2015 WL 5444944, at *1 (E.D.N.Y. Sept. 15, 2015); *Bearden v. AAA Auto Club S, Inc.,* No. 2:11-CV-3104, 2013 WL 1181474, at *1 (W.D. Tenn. Mar. 18, 2013).

[3] Plaintiff Moreno amended his complaint on June 19, 2017.

On August 8, 2017, prior to consolidation of the *Moreno* and *Villanueva* cases, Moreno filed a motion for conditional certification. Pl.'s Cert. Mot., ECF No. 24. Plaintiff sought to certify a class of current and former NOV welders, rig welders, and mechanics at all NOV locations who were classified as independent contractors during the last three years. *Id*. at 2. On November 29, 2017, this Court granted in part and denied in part Plaintiff's motion. Order, ECF No. 60. Finding that Moreno was similarly situated to other rig welders at NOV's Galena Park location, the Court certified a class consisting of all current and former NOV rig welders at NOV's Galena Park who were classified as independent contractors during the last three years. *Id*. at 22. This Court denied Plaintiff's motion without prejudice as to NOV welders and mechanics and as to rig welders who worked at NOV facilities other than Galena Park. *Id*.

Three months after the cases were consolidated, Plaintiff Villanueva filed the pending Motion, seeking conditional certification of a broader class than the Court previously certified. ECF No. 72.[4] Plaintiff now seeks conditional certification of a class consisting of current and former NOV welders and rig welders who were classified as independent contractors, were paid straight time for overtime, and worked at any NOV location during the last three years. ECF No. 72

---

[4] Plaintiff Villanueva styled this Motion as an *amended* motion. Because the Court already ruled on Moreno's motion to certify, this motion is not an amended motion, but a second motion.

at 15.[5]

## II.   LEGAL STANDARD

The FLSA provides that

> no employer shall employ any of his employees . . . for a
> workweek longer than forty hours unless such employee receives
> compensation for his employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular
> rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA creates a cause of action for an employee to sue

his employer for violating the overtime compensation requirements. It also permits

a court to order a case to proceed as a collective action on behalf of "other

employees similarly situated." *Id.* § 216(b). Section 216(b) provides for an opt-in

procedure for other similarly situated employees to join the action. *Vaughn v.

Document Grp. Inc.*, 250 F. Supp. 3d 236, 239 (S.D. Tex. 2017); *Austin v. Onward,

LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015). Courts favor FLSA collective

actions because they reduce costs for the individual plaintiffs and create judicial

---

[5] This case has a tortured procedural history. After consolidation, the Court learned that
Villanueva and several opt-ins had entered contracts with NOV that were subject to arbitration
and Defendant sought dismissal of their claims. Def. Mot. to Dismiss, ECF No. 59. Further
briefing on this Motion was delayed pending the Parties' determination of who was subject to
arbitration. Jose Calderon was later substituted as the named Plaintiff in *Villanueva,* Pl.'s Second
Am. Compl., ECF No. 97; and he filed a supplement in support of the Motion, Pl.'s Suppl., ECF
No. 98. In March, the Parties filed an agreed order of dismissal, ECF No. 103, and Judge Atlas
dismissed Villanueva and the opt-ins whose claims were subject to arbitration, Order. ECF No.
106. Once the Parties agreed on dismissal of the individuals whose claims were subject to
arbitration, Defendant filed its response to the Motion on March 9, 2018. ECF No. 105. Plaintiff
then filed a reply on March 16, 2018. ECF No. 107. Defendant followed with a sur-reply on
March 22, 2018. ECF No. 111.

efficiency. *Austin*, 161 F. Supp. 3d at 461.

In deciding whether to certify an FLSA lawsuit, the Fifth Circuit has affirmed use of the lenient two-stage approach. *Kibodeaux v. Wood Grp. Prod.*, No. 4:16-CV-3277, 2017 WL 1956738, at *1 (S.D. Tex. May 11, 2017) (citations omitted); *accord Vaughn*, 250 F. Supp. 3d at 239. Both stages occur before the court assesses the merits of the case. *Vaughn*, 250 F. Supp. 3d at 239. At neither stage does the court decide factual disputes or make credibility determinations. *Id.*

At the first stage, the court decides whether to conditionally certify a class for individuals to opt-in and be bound by the outcome of the case. *Id.* If the court decides to conditionally certify a class, the court issues notice to potential class members. *Kibodeaux*, 2017 WL 1956738, at *1. The court makes this decision based on the pleadings and any submitted affidavits. *Id.*; *Austin*, 161 F. Supp. 3d at 463. Because the court has minimal evidence at the notice stage, the court uses a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class." *Kibodeaux*, 2017 WL 1956738, at *1 (citations omitted).

At the second stage, after some or all discovery has been completed, a defendant may choose to file a motion for decertification. *Id.* at *2; *Vaughn*, 250 F. Supp. 3d at 239. At that time, the court considers any additional evidence the parties submitted to determine whether to decertify the class because its'

members are not similarly situated. *Kibodeaux*, 2017 WL 1956738, at \*2; *Vaughn*,

250 F. Supp. 3d at 239.

## III.   ANALYSIS

### A. Plaintiff's Motion Meets the First Stage's Lenient Showing

To prevail at this stage, a plaintiff must make a minimal showing of three

elements:

> (1) there is a reasonable basis for crediting the assertion that
> aggrieved individuals exist; (2) those aggrieved individuals are
> similarly situated to the plaintiff in relevant respects given the
> claims and defenses asserted; and (3) those individuals want to
> opt in to the lawsuit.

*Kibodeaux*, 2017 WL 1956738, at \*2; *Vaughn*, 250 F. Supp. 3d at 240; *Austin*,

161 F. Supp. 3d at 462. A factual basis for the allegations is needed to satisfy the

first step. *McKnight v. D. Houston, Inc.,* 756 F.Supp.2d 794, 801 (S.D.Tex.2010).

Specifically, the plaintiff must demonstrate "some identifiable facts or legal nexus

[that] bind the claims so that hearing the cases together promotes judicial

efficiency." *Flowers v. MGTI, LLC,* No. 4:11-cv-1235, 2012 WL 1941755, at \*3

(S.D. Tex. May 29, 2012) (citations omitted). The court should deny the motion for

conditional certification "if the action arises from circumstances purely personal to

the plaintiff, and not from any generally applicable rule, policy, or practice."

*Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012).

1. **Plaintiff sufficiently established that other aggrieved individuals exist who were subject to an allegedly unlawful policy.**

A plaintiff "need only show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy or plan." *Austin*, 161 F. Supp. 3d at 464 (citing *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916-17 (S.D. Tex. 2010)). To do so, a plaintiff must, at a minimum, identify other employees who were subject to the same policy or plan. *Id*.

Plaintiff submitted five declarations, including his own, in support of the assertion that there were other non-exempt, aggrieved employees who worked at NOV as welders or rig welders, were misclassified as independent contractors, and were not paid overtime wages. ECF Nos. 72-1, 72-2, 72-3, 72-4, 72-5.

Defendant argues that Plaintiff cannot rely upon declarations from individuals subject to arbitration. ECF No. 105 at 11. Except for Calderon's own declaration, the remaining four declarations are from individuals subject to arbitration agreements. *Id*. Defendant contends that those individuals subject to arbitration are "contractually precluded from joining this action." *Id*. Defendant urges the Court not to consider their declarations. *Id*. However, a declarant's "inability to be a party to a suit does not preclude a person from giving relevant evidence." *Jones v. Xerox Commercial Sols., LLC*, No. 4:13-cv-650, 2013 WL 5945652, at *3 n. 40. (S.D. Tex. Nov. 6, 2013) (Judge Atlas refused to discount

declarations of putative class members who were subject to arbitration agreements). This Court agrees with Plaintiff that declarants' testimony is not "any less relevant, authentic, competent, or admissible" because they are subject to arbitration agreements. ECF No. 107 at 58.[6]

The Court finds that Plaintiff has provided sufficient evidence to credit his assertion that other aggrieved individuals exist. *See Vaughn*, 250 F. Supp. 3d at 240 (finding sufficient plaintiff's affidavit along with affidavit of another who stated he was misclassified as an independent contractor, was not paid overtime wages, and estimated fifteen other similar employees exist, naming three); *Davis v. Mostyn Law Firm, PC*, No. 4:11-CV-02874, 2012 WL 163941, at *6 (S.D. Tex. Jan. 19, 2012) ("Plaintiffs assert that they worked with, knew of, and conversed with other salaried paralegals who worked more than forty hours per week and were also denied overtime pay," including one named employee).

### 2. Plaintiff sufficiently established that the other aggrieved welders and rig welders are similarly situated to Calderon.

For the class representative to be considered similarly situated to the potential opt-in class members, the representative plaintiff must "present some factual support for the existence of a class-wide policy or practice." *Vaughn*, 250 F. Supp. 3d at 239. He must show that he is similarly situated in terms of job

---

[6] Defendant also contends that under the arbitration agreements, those declarants were subjecting themselves to damages. Because those individuals whose claims were subject to arbitration have been dismissed from this case, that issue is not before this Court.

requirements and payment provisions. *Id*. at 242. Thus, he need only show that they "performed the same basic task and were subject to the same pay practices." *Kibodeaux*, 2017 WL 1956738, at *3 (internal citations omitted). The FLSA requires that the positions be *similar,* not necessarily identical. *Vaughn*, 250 F. Supp. 3d at 241; *Kibodeaux*, 2017 WL 1956738, at *2 ("the court need not find uniformity in each and every aspect of employment").

This inquiry does not focus on job titles. Individuals are similarly situated for FLSA opt-in purposes even if the job titles are "superficially different" and they have slightly different job duties. *Davis*, 2012 WL 163941, at *6. Even with the same job title, two individuals are not "similarly situated for the purposes of an opt-in FLSA class if their day-to-day jobs duties vary substantially." *Id*. (internal citations omitted).

### a. The class shall include both welders and rig welders.

Calderon claims that other welders and rig welders exist, all of whom performed the basic task of welding. ECF No. 98 at 2. Calderon and the four other declarants worked as both welders and rig welders throughout their tenure with NOV. ECF No. 72, Exhs. A-E.

### i. The jobs of welders and rig welders were similar.

As welders, the employees' "primary function" was to weld, and they performed the basic tasks of "operating forklifts" and "performing work on high

9

pressure tubes." Exh. A, ECF No. 72-1 at 2; Exh. B, ECF No. 72-2 at 2; Exh. C, ECF No. 72-3 at 2; Exh. D, ECF No. 72-4 at 2; Exh. E, ECF No. 72 at 2. As rig welders, their "primary function" was to weld, although they also performed the basic tasks of "refurbish[ing] and repair[ing] the drilling rigs." Exh. A, ECF No. 72 at 3; Exh. B, ECF No. 72-2 at 3; Exh. C, ECF No. 72-3 at 3; Exh. D, ECF No. 72-4 at 3; Exh. E, ECF No. 72 at 3. Each declared that he was not paid overtime wages while working for NOV. Exh. A, ECF No. 72 at 3; Exh. B, ECF No. 72-2 at 3; Exh. C, ECF No. 72-3 at 3; Exh. D, ECF No. 72-4 at 3; Exh. E, ECF No. 72 at 3.

NOV asserts that Calderon has failed to show that his "pay and job requirements were similar to the requested class." ECF No. 105 at 15. According to NOV, Calderon, along with all but one opt-in putative plaintiff, "provided stack pad welding services" at NOV's West Little York facility. *Id*. The primary duty of a stack pad welder is to "perform structural welding [and] position, rework, fit, and weld components of subsea stacks." *Id*. Opt-in putative plaintiff Odin M. Adame, on the contrary, "provided Koomey controls welding services" at the West Little York facility. *Id*. Adame "was located in a different building from the stack pad welders and did not perform work on stack pads." *Id*. at 15-16. According to NOV, to suggest that "all [opt-in putative plaintiffs] 'weld' or 'rig weld' is simplifying and ignored the facts to conclusorily assert that Plaintiff and the requested class are similarly situated." *Id*. at 17.

At the notice stage, it would be "improper" for the Court "to weigh conflicting evidence and resolve disputed factual issues." *Macias v. BF Waste Services of Texas, LP*, No. 2:16-cv-245, 2017 WL 1929496, at *3 (N.D. Tex. May 9, 2017). "At this stage, Plaintiffs are required only to produce substantial *allegations* that the potential class members were subject to a single decision, policy, or plan that violated the FLSA." *Id*. (emphasis in original). The differences between the various subspecialties of welding services Plaintiff and the declarants performed while working for NOV compared to the rest of the putative class is a disputed fact question.

This Court previously certified a class of "rig welders," but declined to include "welders" in the class. ECF No. 60 at 7. The Court found that Plaintiff Moreno had "failed to supply evidence of a welder's basic duties, preventing the Court from comparing the two jobs' basic tasks." *Id*. at 8. In support of the pending Motion, the submitted affidavits cure this defect. Hector Moreno, Jr. ("Moreno") details that his duties as a welder included "work[ing] in the shop," "operating forklifts and performing work on high pressure tubes." Exh. A, ECF No. 72-1 at 2-3. As a rig welder, Moreno's duties included "welding to refurbish and repair the drilling rigs." *Id*. at 3. Sometimes, Moreno would "need to add brackets to drilling equipment, handrails to the rig, take measurements of drill pipe, and set up the welding equipment to be used." *Id*. As both a welder and a rig welder, Moreno

11

performed "manual labor and did not . . . supervise anyone." *Id*. His primary function, as both a welder and a rig welder, was "to weld." *Id*. at 2-3. In their affidavits, Saul Calles ("Calles"), Jorge Villanueva ("Villanueva"), and Ramiro Granados ("Granados") make identical assertions regarding their respective duties as welders and rig welders. Exh. C, ECF No. 72-3 at 2-3; Exh. D, ECF No. 72-4 at 2-3; and Exh. E, ECF No. 72-5 at 2-3.

The Court finds that welders and rig welders are similarly situated for purposes of conditional certification. To conditionally certify a class, the positions need only be similar, not identical. *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 862 (S.D. Tex. 2012). While the duties of welders and rig welders are not identical, they are sufficiently similar because both welders and rig welders used welding equipment to perform the primary function of welding. Therefore, their job duties do not "vary significantly." *See id*. Accordingly, the class shall include both welders and rig welders.

> ii.    The welders and rig welders were subjected to the same
>        pay practices.

The declarants all state that they were not paid overtime for their work at NOV. Exh. A, ECF No. 72-1 at 4; Exh. C, ECF No. 72-3 at 4; Exh. D, ECF No. 72-4 at 4; and Exh. E, ECF No. 72-5 at 4. Moreover, their affidavits show that they worked overtime on a regular basis but were paid straight time for overtime. Exh. A, ECF No. 72-1 at 3-4; Exh. C, ECF No. 72-3 at 3-4; Exh. D, ECF

12

No. 72-4 at 3-4; and Exh. E, ECF No. 72-5 at 3-4. Moreno, Calderon, Villanueva, and Granados attached documents showing they worked overtime without receiving overtime pay. Exhs. A-2, B-1, D-1, E-1, ECF No. 72. This evidence meets the lenient standard for showing a reasonable basis for Plaintiff's claim that NOV maintains a policy of paying welders and rig welders straight time for overtime.

> #### b. The class shall be limited to NOV's Galena Park, Bammel, and West Little York locations.

The proposed class definition includes *any* NOV location, effectively making it a company-wide class. Plaintiff bears the burden of showing that the same policy applies on a company-wide basis. *See Rueda v. Tecon Servs., Inc.*, No. 4:10-cv-4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011). Plaintiff's evidence must be based on personal knowledge, which can include inferences and opinions if grounded in personal observation and experience. *McCloud v. McClinton Energy Group, LLC*, No. 7:14-cv-120, 2015 WL 737024, at *4 (W.D. Tex. Feb. 20, 2015) (quoting *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999)). "Unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Novick v. Shipcom Wireless, Inc.*, No. 4:16-CV-730, 2017 WL 1344961, at *5 (S.D. Tex. Apr. 12, 2017). "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-

wide notice." *Rueda*, 2011 WL 2566072, at *4-6; *accord Flowers,* 2012 WL 1941755, at *3 (same).

Calderon has provided affidavits claiming that NOV's policy of misclassifying welders and rig welders as independent contractors exists at the following locations: Galena Park, Bammel, West Little York, Brownsville, Port of Houston, Waller, Madisonville, Galveston, Houma, Morgan City, Boothville, and Port Fourchon. Moreno and Villanueva worked as welders and rig welders at the Galena Park and Bammel locations. *Id*.; Exh. D, ECF No. 72-4 at 3. Calderon, Calles, and Granados worked as welders and rig welders at the West Little York location. Exh. B, ECF No. 72-2 at 3; Exh. C, ECF No. 72-3 at 3; Exh. E, ECF No. 72-5 at 3. The Court finds that Plaintiff's evidence shows that the declarants worked at NOV's Bammel, Galena Park, or West Little York facilities, interacted with others, and had the requisite personal knowledge for asserting that a policy to pay straight time for overtime exists at those three locations. *See Walker*, 870 F. Supp. 2d at 470.

Plaintiff's evidence as to NOV's other locations, however, is not as well grounded. Moreno worked as a welder and rig welder at the Brownsville location. Exh. A, ECF No. 72-1 at 3. However, Defendant has established that NOV no longer owned that location within the last three years. ECF No. 105 at 17. Moreno also states that he worked at NOV's facility in Alaska, but provides no further

information regarding his work at there. ECF No. 72-1 at 3. Defendant established that Moreno had not worked in Alaska since 2013. ECF No. 105 at 17. Therefore, these allegations are not sufficiently supported. Calles worked as a welder and rig welder at the Port of Houston location. Exh. B, ECF No. 72-2 at 3; Exh. C, ECF No. 72-3 at 3. However, Defendant established that the Port of Houston staffs independent contractors out of West Little York and does not have any independent contractors assigned to it. ECF No. 105 at 17. Calles also alleges he worked as a welder and rig welder at NOV's Waller and Madisonville locations. Exh. C, ECF No. 72-3 at 3. However, Defendant established that it does not maintain any facility in either Waller or Madisonville. ECF No. 105 at 17. Granados alleges he worked as a welder and rig welder at NOV's Galveston location. Exh. E, ECF No. 72-5 at 3. Again, Defendant established that it does not maintain any facility in Galveston. ECF No. 105 at 17. Moreno and Villanueva's affidavits include allegations regarding NOV's Houma, Morgan City, Boothville, and Port Fourchon locations, stating that they went to these locations "so that we could fly offshore to work for NOV." Exh. A, ECF No. 72-1 at 3; Exh. E, ECF No. 72-5 at 3. The conversations with others referenced in the affidavits do not reference anyone who worked at these locations and it is not clear that Moreno or Villanueva worked there or had an opportunity to observe or converse with others

to determine their pay. *See* ECF No. 105 at 11. Therefore, the allegations for these locations are not sufficiently supported.

Based on the submitted evidence, Plaintiff seeks certification on a company-wide basis. NOV is an international company with locations around the world. Plaintiff's evidence included some references to work in foreign countries, but he acknowledges that the FLSA does not apply to work performed outside the United States. ECF No. 72 at 10 n. 6; ECF No. 105 at 17. Although Plaintiff's evidence is sufficient to show that the same pay policy applies to three locations in Texas, the present record contains no evidence that the complained of policies or practices apply at all NOV locations throughout the United States. Without more, Plaintiff's evidence is not sufficient to show NOV applies this policy on a company-wide basis. *E.g., Diaz v. Applied Mach. Corp.*, No. 15-CV-1282, 2016 WL 3568087, at *9 (S.D. Tex. June 24, 2016); *McCloud*, 2015 WL 737024, at *8; *Flowers,* 2012 WL 1941755, at *3.

### 3. Plaintiff sufficiently established that additional aggrieved individuals want to join this lawsuit.

Plaintiff must offer evidence not only that other putative class members exist who were the victims of a single decision, policy, or plan, but that these aggrieved persons want to join the lawsuit. *Davis*, 2012 WL 163941, at *10 (quoting *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2017)). Here, Plaintiff provided evidence that the other aggrieved

16

persons want to join this lawsuit. *See id.* In fact, at least twenty-one additional claimants have filed consents to join this action since it was first filed. ECF Nos. 5, 12-14, 22-23, 69-70, 73-77, 79-80, 83, 85-87, 90-91, 99. This is sufficient to establish that others seek to join the lawsuit. *Kibodeux*, 2017 WL 1956738, at *3 (finding evidence of one potential claimant who wished to opt-in was sufficient); *Vaughn*, 250 F. Supp. 3d at 244 (same).

### 4. Class is limited to three years prior the Court's approval of notice.

As explained in the Court's earlier order on conditional certification, the "relevant period for an FLSA claim based on unpaid overtime wages is two years, and three years if the plaintiff can prove a willful violation." *Moreno v. National Oilwell Varco, L.P.*, 2017 WL 5904909, at *7 (S.D. Tex. 2017) (citing 29 U.S.C. § 255(a)). "Each individual claimant has its own time period depending on when he or she joins the case." *Id*. (citing 29 U.S.C. § 256(b)).

Calderon requests that the class include employees who worked at NOV within the last three years, but does not provide a more specific date. ECF No. 97 at 3. NOV requests that, if a class is conditionally certified, the Court narrow the date of the proposed class to "the three years prior to the date notice is approved." ECF No. 105 at 23. The class is appropriately limited to NOV workers employed within the three year period immediately preceding the date this Court approves notice. *See Diaz*, 2016 WL 3568087, at *10.

**5.  The scope of the class is limited.**

Thus, the conditional class shall include:

All current and former welders and rig welders who worked for NOV at its Galena Park, Bammel, and West Little York locations, were classified as independent contractors, and were paid straight time for overtime during the three year period immediately preceding the date this Court approves notice.

**B. The Parties Have Seven Days To File Their Proposed Notice and Consent Form.**

The Parties shall confer and supply the Court with a proposed Notice and Consent form within seven days of this Order, consistent with the notice form this Court previously approved for the *Moreno* rig welder class.

## IV.   CONCLUSION

The Court hereby ORDERS that

1.  Plaintiff's motion for conditional certification is **GRANTED** in part, as follows: The class is conditionally certified as to all current and former NOV welders and rig welders who worked at NOV's Galena Park, Bammel, and West Little York locations, were classified as independent contractors, and were paid straight time for overtime during the three years prior to the date this Court approves Notice.

2.  Plaintiff's motion for conditional certification is **DENIED** in all other respects.

3. The Parties have seven days from the date of this opinion to provide the Court with a proposed Notice and Consent Form.

4. Plaintiff's motion for a hearing on the conditional certification motion is **DENIED** as moot.

Signed on April 23, 2018, at Houston, Texas.


_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**